UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JASON KRUMBACK,<br><br>                Petitioner,<br><br>vs.<br><br>WARDEN BRENT FLUKE, ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA, MARTY JACKLEY;<br><br>                Respondents. | 4:23-CV-04155-KES<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>Docket No. 4 |

      This matter is pending before the court on Jason Arthur Krumback's *pro se* habeas petition pursuant to 28 U.S.C. § 2254. See Docket Nos. 1 & 6. Mr. Krumback has moved the court for the appointment of counsel on his behalf at the court's expense. Docket No. 4.

      "There is no recognized constitutional right under the Sixth Amendment for the appointment of counsel in habeas corpus cases." Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994). Because a habeas action is civil in nature, the Sixth Amendment right to counsel applicable in criminal proceedings does not apply. Id.

      The statutory basis for the appointment of counsel in a habeas case is found at 18 U.S.C. § 3006A(a)(2)(B). That statute provides in relevant part:

**18 U.S.C. § 3006A(a)(2)(B):**

(2) Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who–

\*\*

(B) is seeking relief under section 2241, 2254, or 2255 of title 28

The appointment of counsel in a habeas case is discretionary when no evidentiary hearing is necessary. Hoggard, 29 F.3d at 471 (citations omitted). "In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." Id. Most importantly, "where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel."

Here, the respondent has not yet filed a response to Mr. Krumback's petition, so it is not known what issues will be relevant or contested. In addition, the court has screened Mr. Krumback's petition and noted that his petition may be unexhausted, requiring dismissal. To date, Mr. Krumback has done a very good job of explaining what his claims are and the relief he seeks. It is unknown whether an evidentiary hearing will be necessary. For all these reasons, it is hereby

ORDERED that Mr. Krumback's motion for the appointment of counsel [Docket No. 4] is denied. Mr. Krumback is directed to explain to the court whether he presented any of his claims to the state circuit courts and/or to the

state supreme court either through direct appeal or through the filing of a habeas petition in the state courts as further explained in this court's order to show cause issued this same date.

DATED this 24th day of October, 2023.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge